UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ecolab Inc. and Ecolab USA Inc., | File No. 22-cv-479 (ECT/DTS) |
| Plaintiffs, | |
| v. | **OPINION AND ORDER** |
| IBA, Inc., | |
| Defendant. | |

Rachel Zimmerman Scobie, Paige S. Stradley, Anneliese S. Mayer, and Marra Mancina Clay, Merchant & Gould P.C., Minneapolis, MN, for Plaintiffs Ecolab Inc. and Ecolab USA Inc.

Caitlinrose H. Fisher, Robert J. Gilbertson, Jay Strandjord, and Virginia R. McCalmont, Forsgren Fisher McCalmont DeMarea Tysver LLP, Minneapolis, MN, for Defendant IBA, Inc.

Plaintiffs—who, following their lead, will be referred to collectively as "Ecolab"— object to an order requiring them to produce documents. *See* ECF No. 448. Magistrate Judge David T. Schultz concluded that two of Ecolab's expert witnesses did not comply with the requirement that their reports contain "the facts or data considered by the witness in forming" the witness's opinions. Fed. R. Civ. P. 26(a)(2)(B)(ii). To cure the violation, Judge Schultz ordered Ecolab to produce (1) notes taken by one of Ecolab's attorneys of meetings between Ecolab's damages expert and Ecolab employees, and (2) notes taken by Ecolab's technical expert of conversations he had with one Ecolab employee. Because

Judge Schultz's decision applies a correct understanding of Rule 26(a)(2)(B)(ii) to reach a reasonable result, Ecolab's objections will be overruled.

The basic background facts are straightforward.  Ecolab retained a damages expert, Frances McCloskey, and a technical expert, Thomas Hemling, Ph.D.  As part of their work, Ms. McCloskey and Dr. Hemling interviewed Ecolab employees.  In their reports required by Rule 26(a)(2)(B), Ms. McCloskey and Dr. Hemling cited these Ecolab-employee interviews.  In a section of her report entitled "Documents Reviewed and Relied Upon," Ms. McCloskey disclosed that she "held discussions with Ecolab employees Jason Koerth, Greg Stumpf, and Charlie Adams."  ECF No. 349 at 8.  And Ms. McCloskey cited these discussions sixteen times as factual sources and to support conclusions in her report.  *See id.* at 11 nn.21–22, *id.* at 12 nn.25–26; *id.* at 13 nn.33, 36; *id.* at 18 nn.50–52, 55, 57–58; *id.* at 19 n.59; *id.* at 20 n.61; *id.* at 26 n.78; *id.* at 27 n.82.  Dr. Hemling did the same.  He disclosed "conversations" with Ecolab employee "Dr. Joe Morelli" and cited those conversations in his report to support his conclusions.  *See* ECF No. 349-1 at 7, 13, 15–16, 30, 52.  If these Ecolab employees shared additional information beyond what Ms. McCloskey and Dr. Hemling cited or described, including information that might undermine or contradict Ms. McCloskey or Dr. Hemling's conclusions, that information was not disclosed in either report.  Though Ms. McCloskey took notes of her Ecolab-employee interviews, she destroyed them before this discovery dispute arose.  One of Ecolab's attorneys attended Ms. McCloskey's Ecolab-employee interviews and took notes.  Dr. Hemling took notes of his interview with Dr. Morelli and preserved them.

Familiar standards govern the adjudication of Ecolab's objections.  On review of a magistrate judge's ruling on a nondispositive issue, a district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); D. Minn. L.R. 72.2(a)(3); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007).  A ruling is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed."  *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (citation modified).  A decision is contrary to law when a court "fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Id.* (citation modified).  This standard of review is "extremely deferential."  *Magee v. Trs. of the Hamline Univ.*, 957 F. Supp. 2d 1047, 1062 (D. Minn. 2013).

Start with Rule 26(a)(2)(B)(ii)'s disclosure requirement generally.  A witness who is "retained or specially employed to provide expert testimony in the case" must prepare, sign, and produce a written report that includes, among other information, "the facts or data considered by the witness in forming" the witness's opinions.  Fed. R. Civ. P. 26(a)(2)(B) (ii).  As the Advisory Committee's notes explain, the phrase "facts or data" is to be "interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients."  Fed. R. Civ. P. 26(a)(2)(B) advisory committee's note to 2010 amendment.  "The disclosure obligation extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert."  *Id.*; *see Damgaard v. Avera Health*, No. 13-cv-2192 (RHK/JSM), 2015 WL 4993701, at *5 (D. Minn. Jun 18, 2015) (recognizing that "facts or

3

data" are "considered" by an expert for Rule 26(a)(2)(B)(ii)'s purposes if the information was "furnished, provided or given to the testifying expert for his or her consideration in forming the expert's opinion" (citation modified)); *see also In re Mirena IUD Prods. Liab. Litig.*, 169 F. Supp. 3d 396, 470 (S.D.N.Y. 2016) ("The courts have embraced an objective test that defines 'considered' in Rule 26(a)(2)(B)(ii) as anything received, reviewed, read, or authored by the expert, before or in connection with the forming of his opinion, if the subject matter relates to the facts or opinions expressed." (citation modified)).

Applying these general rules to a retained expert's interview of a fact witness yields a useable principle: Rule 26(a)(2)(B)(ii) requires the expert to disclose all information the witness shared with the expert for the expert's consideration in forming an opinion, even if the expert did not rely on the information and especially if the information runs contrary to the expert's conclusions. *See Redcell Corp. v. A.J. Trucco, Inc.*, No. 20 Civ. 0018 (AT) (SLC), 2022 WL 3700148, at *12 (S.D.N.Y. Aug. 26, 2022) (holding that an expert's report complied with Rule 26(a)(2)(B)(ii) regarding disclosure of verbal interviews because the report included the information provided to the expert during fact-witness interviews); *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 116–17 (D. Del. 2016) (holding that an expert's report complied with Rule 26(a)(2)(B)(ii) regarding disclosure of verbal interviews because it "disclosed both the identities of the persons and the substance of the discussions in enough detail to permit EMC to conduct meaningful cross examination and other discovery"); *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, No. 6:07-cv-222-Orl-35KRS, 2009 WL 1043974, at *4 (M.D. Fla. Apr. 17, 2009) (recognizing that, when "data and information is in the form of conferences or interviews, the expert must disclose

4

the substance of those conferences and interviews in order for opposing parties to be fully informed regarding all of the information considered"); *Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 751 (7th Cir. 2005) (noting that materials an expert reviews but does not rely on in formulating opinions "often contain effective ammunition for cross-examination").

Judge Schultz reasonably applied these rules to conclude that Ms. McCloskey and Dr. Hemling's reports failed to disclose information each of them considered through their verbal interviews of Ecolab employees.  Judge Schultz reached this conclusion in a straightforward way—he compared the purely factual content of the notes taken by Ecolab's counsel and Dr. Hemling's notes with the content of Ms. McCloskey and Dr. Hemling's reports.  Regarding Ms. McCloskey, Judge Schultz pointed out, for example, that information she received from one witness (but did not disclose) regarding Ecolab's damages is "precisely the kind of information that IBA would utilize in cross-examination of a damages expert."  ECF No. 448 at 9.  I have reviewed the notes of Ecolab's counsel, and I agree.  Judge Schultz similarly concluded that Dr. Hemling's "notes contain factual ingredients not disclosed in Dr. Hemling's report."  *Id.* at 12.  Again, I have reviewed these materials, and I agree.  From there, Judge Schultz had reasonable options.  He might have ordered the experts to prepare, sign, and produce revised reports that included the omitted material.  He might have ordered depositions (or perhaps additional depositions) of the Ecolab employees who were interviewed.  His decision to order Ecolab to produce the notes was one more reasonable option.

To demonstrate the reasonableness of Judge Schultz's decision, it's helpful to compare this verbal-interview situation with an expert witness's disclosure obligations regarding written materials. Consider the hypothetical physicist expert who reviews a commonly used physics treatise as one information source in preparing her report. Ordinarily, identifying the treatise and tethering specific parts of it to specific opinions will be enough. In that situation, the opposing lawyer or expert can review the entire treatise and identify parts that might undermine or contradict the expert's opinions. For everyone involved, a testifying expert's unrecorded verbal interview of a fact witness poses greater challenges. The absence of a recording places a difficult burden on the expert to note (or recall) everything the witness said that might fall within Rule 26(a)(2)(B)(ii)'s disclosure obligation. And for the opposing party, cross-examination becomes more difficult because the expert is left to rely largely on her memory of what the witness said. These challenges give a court reason to exercise discretion in favor of greater insistence on an expert's compliance with Rule 26(a)(2)(B)(ii) with respect to information the expert obtained through unrecorded verbal interviews, not less.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. Ecolab's Objections [ECF No. 478] to Magistrate Judge Schultz's January 21, 2026 order are **OVERRULED**;

2. The January 21, 2026 order [ECF No. 448] is **AFFIRMED**; and

3.      The parties are directed to file a joint status update on CM/ECF by no later than May 15, 2026, indicating whether the parties intend to submit the motions filed at ECF Nos. 395, 405, 413, 419, 431, and 446, on the briefing as filed, with reply briefs to follow, or if the motions will need to be fully re-briefed in light of this Order.

Dated:  May 1, 2026                          s/ Eric C. Tostrud
                                             Eric C. Tostrud
                                             United States District Court